NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVARISTO ESCOBAR PERALTA, | No. 19-70255 |
| Petitioner, | Agency No. A070-178-398 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Petitioner Evaristo Escobar Peralta, a citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (BIA) decision upholding the Immigration

Judge's (IJ) denial of his claims for withholding of removal and protection under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and we deny the petition.

We review factual findings under the "substantial evidence" standard. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Thus, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). As the BIA only partially relied on the IJ's reasoning in denying Peralta's claims, we review only "the grounds relied upon by" the BIA. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (citation omitted).[1]

Peralta argues that the BIA erred in affirming the IJ's adverse credibility finding. "[I]n assessing an adverse credibility finding . . . we must look to the totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (cleaned up).

Here, the BIA considered several inconsistencies in the record, Peralta's unemotional demeanor, and his unresponsive answers before the IJ. Three of the inconsistencies are most critical. First, although Peralta later claimed fear of returning to Mexico, he did not do so in his interviews with immigration officials in April and June 2012, shortly after entering the United States. Second, Peralta mentioned only one kidnapping on his Form I-589 asylum application but later

---

[1]The government highlights that Peralta testified he was not part of a particular social group as grounds for denying withholding of removal, but the BIA did not "expressly" rely on this point. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).

testified that he was kidnapped twice. Finally, Peralta testified at his hearing in materially greater detail about the alleged beatings and mistreatment that he suffered when kidnapped than he had described in his application. The IJ gave Peralta opportunities to explain these inconsistencies, but Peralta provided no meaningful justifications that resolved his discrepancies. *See Kumar v. Garland*, 18 F.4th 1148, 1154 (9th Cir. 2021). Thus, we conclude that substantial evidence supports the BIA's adverse credibility finding. With Peralta's discredited testimony removed from consideration, there is no objective evidence establishing a clear probability that he would be persecuted upon returning to Mexico. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

The remaining evidence of record does not show that Peralta is more likely than not to be tortured if removed to Mexico. *See id.* at 1048–49. Thus, we conclude that substantial evidence supports the BIA's denial of CAT protection, including its determination that Peralta failed to show that he could not safely relocate within Mexico. 8 C.F.R. § 1208.16(c)(3).

**PETITION FOR REVIEW DENIED.**